59 So.2d 744 (1952)
BURLEY et al.
v.
STATE.
Supreme Court of Florida, Division A.
July 11, 1952.
David D. Phillips, Miami, for appellants.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
TERRELL, Justice.
Appellants were tried and convicted for having lottery tickets in their possession contrary to Section 849.09, F.S.A. They were sentenced to pay a fine of $750 each and costs or in default thereof to be imprisoned at hard labor in the State penitentiary for a term of six months. This appeal is from that judgment.
The point for determination is whether or not the arrest of appellants was such as to permit a search of their person and automobile for lottery tickets.
The evidence shows that on March 17, 1951 a deputy sheriff and a road patrolman parked their automobile on Highway Number one, South end of Dade County, to wait for a black Pontiac, license unknown. Presently the black Pontiac driven by appellant, Sam Burley, came along. The deputies watched the said Pontiac till they saw it pass a car and a truck on a curve. When they saw this traffic violation they pursued the automobile until they overtook it, and ordered Burley to stop. They had no reason to arrest Burley except for the traffic violation. Burley was searched and lottery tickets were found in his pockets. While searching Burley, Walker, the passenger with Burley, was seen putting lottery tickets in his pockets, whereupon he was arrested and searched and lottery tickets found in his pockets. The deputies then searched the car and found $938.30 in cash in the glove compartment, also some lottery tickets. The deputies had no search warrant.
One of the deputies varied this story in that he testified that when the black Pontiac passed them they, the deputies, pulled out of their parked position and pursued it, that they were in hopes that it would violate the traffic laws. When it had traveled about one-quarter of a mile it passed a car and a truck on a curve, whereupon the occupants Burley and his companion were arrested and searched. It developed that the arrest was without authority of law because the curve on which the appellants passed the car and truck was not in a "No-passing zone" as defined by Section 317.31, F.S.A., and that the State Road Department had not so designated it.
Since the curve was not in a "no-passing zone" and the deputies were not armed with a search warrant, the arrest was illegal, and being so, the search was was illegal. Haile v. Gardner, 82 Fla. 355, 91 So. 376; Mixon v. State, Fla., 54 So.2d 190. The deputy who made the arrest proceeded on the assumption that *745 passing on any curve is illegal. The trial judge appears to have taken the position that so long as Burley was under arrest for traffic violation, a search was in order regardless of the legality of the arrest.
To so hold would nullify the constitutional inhibition against unreasonable search and seizure.
The makers of the Constitution were realists. Their knowledge of mankind was drawn from experience and the democracy promulgated by them was the product of persistent reason and logic. They knew man's proneness to abuse power, hence the limitations they imposed on those designated to govern the governed. To them our system of checks and balances, the doctrine of the separation of powers and the constitutional guarantees were absolutes. Human nature is like the multiplication table; it refuses to change with the times. We have exemplified in this case the very same proneness to override individual rights that the personal guarantees were placed in the constitution to preserve. There is nothing more distressing to the individual than being picked up by an officer of the law and searched. It should not be permitted except as provided by the constitution.
It was not done that way in this case so the judgment must be and is hereby reversed.
Reversed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.