PER CURIAM.
This is an appeal by the State of Florida, authorized by § 924.071 Fla.Stat., F.S.A., from an order of the criminal court of record of Dade County granting a motion to suppress certain evidence.
The appellees were informed, against, charged with unlawful possession of marijuana under § 398.03 Fla.Stat., F.S.A. They filed separate motions to suppress evidence consisting of two bulk parcels of marijuana. Following an evidentiary hearing thereon, an order was entered granting the motions. In the order the court found “the search of the defendants’ vehicle was not conducted pursuant to any lawful arrest, and that no probable cause existed for the officer to conduct a search of the defendants’ vehicle prior to recovering the evidence and making the arrest.”
The circumstances revealed at the hearing on the motions to suppress, stated by the trial court in the order, were as follows :
“I. On the night of March 30, 1968, five (5) white males, two of whom were *217 juveniles and not before this Court, were observed by a police officer parked in an automobile on County property approximately thirty (30) feet off the main roadway.
“2. The officer noticed the defendants’ automobile and because of the secluded area in which it was parked,, pulled in behind the defendants’ car and ran a license tag check on the vehicle. The car was not wanted as being stolen in any jurisdiction. The Court finds that at this time the defendants’ vehicle was not illegally parked, nor was it in any area where vehicles were prohibited from being.
“3. The officer testified he observed a cigarette through the windows of the defendants’ car and, although he first suspected that the car might contain “lovers,” upon seeing the glow of the cigarette, he suspicioned they might be smoking marijuana. The officer testified the cigarette was passed from one defendant to another and then, subsequently, thrown from the car, and the officer does not know if the cigarette was marijuana or a regular cigarette, nor was the cigarette ever found and it was not analyzed. The cigarette that the officer saw is not the subject of the evidence sought to be suppressed.
“4. The officer testified that after seeing the cigarette, he walked up to the defendants’ car, approached the driver’s door, knocked on the window and saw a cellophane bag being tossed from the front seat to the back seat. The officer stated when the person sitting behind the steering wheel of the car opened the window, an odor emitted from the car which the officer believed to be marijuana. The officer further testified that he thereupon asked the defendants who were before this Court and who were seated in the back seat of the vehicle to lean forward and between the back of one of the defendants and the cushion of the car, the officer recovered a cellophane bag containing what he believed to be marijuana.
“5. At this point, the officer returned to his own vehicle and called for assistance and sometime later, returned to the defendants’ car, found an additional bag beneath the floorboards of the car which he believed to contain marijuana, and then placed the defendants under arrest for possession of marijuana.”
Not included in the trial court’s references to the testimony of the officer was his testimony that he had received training regarding marijuana at the police academy, and had learned to recognize the smell of marijuana and its appearance when in bulk. The order recited the officer testified that when the window was opened in response to his knock an odor was emitted which he believed to be marijuana. However, the record shows the officer more definite on that point.[1]
We hold that in the circumstances presented the trial court committed error in granting the motions to suppress.
If an officer by plain sight detection observes contraband in a vehicle which he has logical reason to be “checking,” he may properly seize the contraband. See State v. Parnell, Fla.1969, 221 So.2d 129, and cases cited therein. The same is true when the officer’s awareness of the presence of contraband is gained by one of his senses other than sight, such as by smell. See Boim v. State, Fla.App.1967, 194 So.2d 313. Here the officer had both sight and smell to so inform him of the presence of contraband. Based on his knowledge regarding marijuana and the manner of its use, his observation of the passing of a cigarette from one to another of the five occupants in the closed automobile was sufficient upon which to form *218 a reasonable assumption that the occupants were smoking marijuana, and at the same time he saw what he recognized as bulk marijuana in a clear plastic bag being tossed to the rear of the vehicle by one of the occupants. Supporting that visual information, was his definite identification of marijuana smoke by smell, as it emitted from a window of the automobile when opened in response to his signal.
On the facts presented, we hold that the actions of the officer in taking into his possession the contraband which he had seen in the automobile, and in arresting the occupants and searching the automobile for further contraband, were lawfully performed, and that the packages of marijuana thus obtained were admissible as evidence.
Accordingly, the order appealed from is reversed, and the cause is remanded for further proceedings.

. “A X approached the driver’s side of the vehicle to the driver of the vehicle, tapped on the window, and at the first tapping I got no response. So I sort of hanged a little bit harder, you know, and the driver cracked down the window and all this smoke hit me coming from the car; and I could definitely smell the odor of marijuana.”