PEARSON, Judge.
The City of Miami has brought here for review by petition for certiorari a judgment of the Circuit Court of the Eleventh Judicial Circuit reversing respondent’s conviction in the Municipal Court of the City of Miami. Therefore the question to be determined is whether the circuit court departed from the essential requirements of law in its judgment of reversal. We hold that the circuit court did so depart and quash the judgment of reversal with direc *215 tions to reinstate the judgment and sentence of the Municipal Court of the City of Miami.
The respondent was arrested for the possession of lottery tickets contrary to § 849.-09(1) (h), Fla.Stat., F.S.A., and Chapter 38, § 50, of the Code of the City of Miami, Dade County, Florida. Respondent entered, a plea of not guilty. At trial the arresting officer (a member of the vice squad for approximately ten years) testified that he saw the respondent leave a bar with three persons. The four crossed the street and entered an automobile. The officer saw the respondent, who was sitting in the driver’s seat, write something and extend a hand to a man in the back seat; he then saw the man pass money to the respondent. The officer, suspecting that a lottery operation was taking place, went to the car and looked in and saw the respondent writing lottery numbers on a pad. The officer then said: “Hold it right there”, whereupon the respondent tore a page from the pad and threw two pads out of the car window. Respondent was found guilty as charged and sentenced to serve 30 days in the City Jail and to pay a fine of $500 or serve an additional 60 days. The circuit court reversed the judgment of conviction holding:
“ * * * this Court finds that the initial arrest and detention of the appellant-defendant in this cause was understandable, nevertheless same fails to comply with the law of the State of Florida, pursuant to Florida Statutes 901.15, et seq. by the admission of the arresting officers.”
>[c ‡ 5^ ‡
Section 901.15(1) provides that a peace officer may without a warrant lawfully arrest a person:
“When the person to be arrested has committed a * * * misdemeanor or violation of a municipal ordinance in his presence. In the case of such arrest for a misdemeanor or violation of a municipal ordinance, the arrest shall be made immediately or on fresh pursuit.”
Respondent’s brief upon appeal to the circuit court presented two points. The first was that the trial judge, who was the senior municipal court judge, wrongfully insisted upon trying the case. This point apparently was not the basis of reversal and did not present error, because a defendant is not entitled to be tried by a particular judge. State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695, 698,115 A.L.R. 857 (1938).
Respondent’s second point presented the alleged error upon which the circuit court acted. This point urged that the arrest was unlawful because it was predicated upon the officer’s suspicions and could not be made lawful by the subsequently seized evidence. We hold that the reversal was erroneous. It is true that the officer’s suspicions were aroused by his distant observation of the respondent’s activities. However, the record shows that the officer did not arrest the respondent until he had verified his suspicions by a close-up observation of the respondent writing lottery numbers on a pad. We therefore conclude that the circuit court misapplied the law of arrest as set out in § 901.15(1), Fla.Stat., F.S.A. The arrest without a warrant was lawful because the arresting officer by the use of one of his senses (the close-up observation to verify his suspicions) actually detected the respondent commit a misdemeanor or violation of a municipal ordinance in his presence. Malone v. Howell, 140 Fla. 693, 192 So. 224, 226 (1939). Cf. Kirby v. State, Fla.App.1969, 217 So.2d 619; State v. Jones, Fla.App.1969, 222 So.2d 216.
Therefore, the judgment of the circuit court reversing the judgment and sentence of Joseph Edward Clark in the Municipal Court of the City of Miami, Florida, is hereby quashed, and the judgment and sentence of the Municipal Court are hereby reinstated.