PER CURIAM.
Appellants seek reversal of a judgment of conviction and sentence based upon a jury verdict finding each of them guilty of the offenses of breaking and entering with intent to commit a felony and grand larceny.
By their first point appellants urge that the trial court committed error when it admitted into evidence over their objection a calendar stolen from the building alleged to have been unlawfully entered, which was first seen by the arresting officer in an automobile occupied by appellants and later found in the same automobile after they had abandoned it a short distance from the scene of the crime. It is appellants’ contention that there was not sufficient identification of the calendar to render it admissible as evidence. It is our view that appellants’ argument goes more to the weight of the evidence than to its admissibility, and as to whether the calendar had been sufficiently identified as having been in appellants’ possession was a question of fact for jury determination.
By their second point on appeal appellants question the legality of the manner in which the calendar was procured by the investigating officer and taken from the abandoned automobile. It is our view that the calendar came into the possession of the arresting officer as a result of a legal seizure based upon probable cause and not the result of an unlawful search. See State v. Jones, (Fla.App.1969) 222 So.2d 216; Boim v. State, (Fla.App.1967) 194 So.2d 313.
Appellants having failed to demonstrate error, the judgments appealed are affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, and RAWLS, JJ., concur.