### In the Interest of J. C., a child.
No. 30-730B, 30-850B.
Juvenile and Domestic Relations Court, Palm Beach County.
November 8, 1971.

Neal W. Knight, Jr., Palm Beach, for the juvenile.

Richard Jorandby, Special Assistant County Solicitor, for the state.

LEWIS KAPNER, Judge.

On August 7, 1971, at 11:40 p.m., Patrolman J. Memel, of the Riviera Beach Police Department, observed a youth, J. C., aged sixteen, pull his vehicle over to the side of the road. Patrolman Memel, thinking the boy might be under age, asked for his driver's license. The boy did not have one and the officer began to write a ticket for this offense. As he returned to his police car, he shined his flashlight in the boy's car and saw an envelope with what appeared to be two marijuana cigarettes inside. He also shined his light on the floor of the boy's automobile and saw some beer. He placed the boy under arrest, charging him with no driver's license and possession of marijuana. He then seized the marijuana.

Counsel for the juvenile contends that the seizure was unreasonable and objects to its introduction as evidence.

This case is governed by §933.19, Florida Statutes, which adopted provisions of Carrell v. United States, 1925, 267 U.S. 132. That case held the true rule to be, "If the search and seizure without a warant are made upon probable cause, that is, upon a belief, reasonably arising out of the circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." This rule is elaborated in State v. Jones, 222 So.2d 216, citing State v. Parnell, Florida 1969, 221 So.2d 129, and cases cited therein. *Parnell* held that an officer who, "while engaged in performing his lawful duties, observes contraband items" is entitled to seize them without a search warrant.

The *Jones* case is on point. In that case, the defendants' vehicle was parked in a secluded area in the evening. Although not illegally parked, the officers pulled in behind the car and ran a license tag check. The defendants appeared to be smoking marijuana and the officers placed them under arrest. The lower court suppressed the evidence but the District Court reversed, holding "If an officer by plain sight detection observes contraband in a vehicle which he has logical reason to be 'checking' he may properly seize the contraband."

In dealing with the question of reasonableness and probable cause we deal with probabilities and realities, not fine technicalities. They are the factual and practical considerations of every day life on which reasonable and prudent men, not legal technicians, act.

The nature of a search must be considered relative to the facts known to the officer. The degree of belief that would justify a cursory examination is not the same as would justify a full-blown search.

The officer here was in the process of writing a ticket to a young boy who was accompanied by his friends. It was late in the evening and the boy had made a movement which raised a suspicion of minor wrongdoing (bending over to hide the beer he appeared to have been drinking). Reasonable caution would dictate at least a cursory glance inside the vehicle and the fact that the officer flashed his light through the window is no different than if the same observation could have been made in daylight without a flashlight. Gispert v. State, Florida 1968, 118 So.2d 596.

Having made this cursory glance, the officer observed what appeared to be marijuana. He was fully justified in concluding that it was *probably* marijuana and it is probability, not certainty, that is the standard.

Counsel for the juvenile cites two cases, Collins v. State, Florida 1953, 65 So.2d 61, and Byrd v. State, Florida 1958, 87 So.2d 694. In both these cases, the officers made a pre-determined decision to search the defendant's car for contraband and the courts ruled that the ostensible reason for stopping the defendant's vehicle was a subterfuge. This is not the case here. The police were clearly within the scope of their authority in approaching the vehicle, inquiring as to the juvenile's driver's license, writing the traffic ticket, and making cursory general observations of the scene and the vehicle. It was only after these acts were performed that the officer saw and seized the marijuana cigarettes partially hidden but in plain view on the seat.

Counsel for the juvenile also cited Burley v. State, Florida 1952, 59 So.2d 744, in his oral argument but did not refer to this case in his well documented brief. There was no subterfuge in the *Burley* case but the court held that the arrest was invalid from its inception. That, too, is not the case here.

It is accordingly ordered that the juvenile's motion to suppress is denied and trial on this cause shall be set on Monday, November 22nd at 1:30 p.m. Jurisdiction is retained for the purpose of entering such further orders as to the court may seem necessary.