316 So.2d 72 (1975)
Thomas Franklin BERRY, Appellant,
v.
STATE of Florida, Appellee.
No. X-69.
District Court of Appeal of Florida, First District.
July 17, 1975.
Roy Lewis, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Gerry B. Rose, Asst. Atty. Gen., for appellee.
MELVIN, WOODROW M., Sr., Associate Judge.
The Defendant by his appeal challenges as error the ruling of the trial court that denied his motion to suppress evidence of *73 his possession of marijuana. Upon denial of the motion the Defendant entered his plea of nolo contendere, judgment of guilt was withheld, and he was placed on probation for a period of eighteen months.
The Defendant, along with three co-defendants, were sitting in a car parked by the road in a residential area in Jacksonville, Florida, at 12:00 o'clock midnight. They were so observed by an officer who had just flushed approximately fifteent to twenty males and females who were in the same general area, smoking pot. They had all fled. The officer came up to the car on the driver's side and asked the driver for his identification. While the officer stated that he had no suspicion that a crime was being committed, we hold that the totality of all of the circumstances was sufficient to justify the officer in approaching the car and asking the driver for his identification. When the officer approached the car he smelled marijuana smoke coming from and in the car. He, then, by the use of his sense of smell, had probable cause to arrest the Defendant, and probable cause to search the car. We hold that the use of the sense of smell, by one knowledgeable as to the identity of an odor, is just as valid a basis for finding probable cause, as is the use of the other senses such as sight, feel, or taste.
The officer removed the Defendant and co-defendants from his car and locked them in his patrol car. The officer then returned to the Defendant's car, conducted a search, and found the felony quantity of marijuana. Defendant urges that the officer had no authority, under these circumstances, to search the car without a search warrant. The point has no merit.
See Mahoney v. State, Fla.App., 300 So.2d 743, text 746.
We affirm.
BOYER, C.J., and MILLS, J., concur.