MOORE, Judge.
This is an appeal from a conviction for possession of marijuana which was predicated upon a nolo contendere plea with reservation of right to appeal the trial court’s denial of appellant’s motion to suppress evidence. We affirm.
Appellant and a friend were parked at night on a dirt road in a somewhat isolated, wooded area when a police unit pulled alongside. Both vehicles had the windows open and the police officer who had been trained at the police academy to detect the odor of marijuana did in fact detect a strong odor of the substance. He also witnessed appellant “lean forward as if to put a cigarette or something of that nature out in the ashtray.”
Under the circumstances the officer requested appellant and his companion to exit their vehicle whereupon he told appellant what he had smelled and advised that if they had any more of the unburned substance that he wanted it. Appellant reached in his vehicle and retrieved a baggie which contained suspect marijuana and handed it to the officer. Appellant was then placed under arrest and advised of his “Miranda rights.”
Upon further questioning appellant opened his trunk and handed the officer additional marijuana. These were two other instances where marijuana was found but these are not the subject of this appeal.
Arriving in a secluded, wooded area in the dark of night, finding a vehicle containing two occupants parked with its lights out and detecting a strong odor of marijuana gave the officer probable cause that a crime was being committed. Under these circumstances, the evidence of such crime could well have vanished if a search warrant had been sought. It has been held that the detection of an odor of marijuana by one trained to detect such odor is sufficient probable cause to conduct a search. See Berry v. State, 316 So.2d 72 (Fla. 1st DCA 1975) and State v. Jones, 222 So.2d 216 (Fla. 3d DCA 1969). The fact that the officer requested appellant to hand him any remaining unburned substance in lieu of conducting an otherwise valid search should not militate against admission of such evidence so obtained.
Accordingly, the judgment of the trial court is AFFIRMED.
ANSTEAD and DAUKSCH, JJ., concur.