354 So.2d 141 (1978)
Kenneth R. LUTZ, Appellant,
v.
STATE of Florida, Appellee.
No. HH-114.
District Court of Appeal of Florida, First District.
January 26, 1978.
Michael J. Minerva, Public Defender and Theodore E. Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and A.S. Johnston, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant (hereinafter defendant) appeals a final judgment adjudicating him guilty of two counts of burglary of a dwelling and one count of grand larceny. The relevant facts are as follows:
In response to a complaint lodged with the police, two officers were dispatched to a bridge where, according to the dispatch, two young boys were firing a rifle into the water. When they arrived, about 1 1/2 to 2 minutes after the dispatch, the officers saw two young men, who were the only people in the area, walking along the road away from the bridge. The officers stopped the two young men and asked them if they had seen any boys shooting a weapon. The two men said they hadn't seen any boys shooting a weapon and identified themselves as Stephen Weatherby and Kenneth R. Lutz, defendant herein. One of the officers informed defendant and Weatherby that he routinely pats down a person when dispatched to a scene in which a weapon is possibly involved. When the officer approached defendant to frisk him, defendant said, "Okay, I have got a weapon" and opened his coat showing the officers a .32 automatic pistol. Defendant testified that the officer actually frisked his companion, Weatherby, and then approached defendant who opened his coat exposing the gun. The weapon had been stolen in a burglary a few days earlier. Defendant and Weatherby were arrested and a subsequent investigation led to charges against defendant for the burglary of several St. Augustine residences.
We find no error in the trial court's denial of defendant's motion to dismiss the charges against him based on the grounds that the evidence demonstrated insufficient probable cause for the police officers to *142 frisk or threaten to frisk defendant for a weapon.
The evidence indicates sufficient probable cause for the officers to stop defendant and Weatherby and question them concerning the incident since the officers arrived only 1 1/2 to 2 minutes after the dispatch and the defendant and Weatherby were the only people in the area. Furthermore, the stop of defendant and Weatherby was performed in the pursuit of a proper investigative function.
We do not need to reach the question of whether or not there was probable cause to frisk defendant because by all accounts, defendant was never frisked or searched. He voluntarily opened his coat exposing the concealed firearm to view before the officer frisked him. Therefore probable cause to frisk and consent to search are not viable issues in this case since there was no illegal search, indeed no search at all.
The judgment is affirmed.
McCORD, C.J., and MELVIN, J., concur.