PER CURIAM.
Appellant, Felix Aguiar, was convicted of possession of a controlled substance with intent to deliver, to-wit: over one hundred pounds of cannabis. There were eleven other co-defendants, however, this appeal concerns only Aguiar.
One of appellant’s points on appeal presents the question of whether the trial court erred in denying appellant’s motion to suppress certain physical evidence seized at the time and place of arrest.
At the hearing on the motion to suppress, there was testimony introduced that tended to show that various law enforcement agencies received telephone calls saying that a boat was operating in the Niles channel without running lights. There was also a report that someone had seen at least three boats and a camper on shore. Several officers of various law enforcement agencies met at the scene of the reported unusual activities. Upon arrival at the scene, the officers saw various persons walking from the boats to the beach with bales of some substance. The appellant was arrested a few feet from a camper contraband, that was parked on shore near where the boats were being unloaded. The appellant’s clothes were wet and muddy. Ten other persons were also arrested. There was testimony showing that the officers had gone on the property with the permission of the caretaker and that he was present when the officers made the arrests and seized the contraband.
Appellant sought to suppress the physical evidence which was seized by the officers at the time of the arrests. He contends that the arrests and seizures were invalid in that the officers were not at a location at which they had a legitimate and legal right to be when they made the observations which provided the probable cause.
The state takes the position that the appellant failed to show that he had standing to challenge the admission of the seized evidence.
It is our view that the record supports his right to challenge the seized physical evidence; however, appellant has failed to demonstrate that the seizure of the evidence was unlawful and inadmissable in evidence against him at trial. Therefore, we hold that the trial court was correct in denying appellant’s motion to' suppress.
We have also carefully considered the other points on appeal in the light of the record, briefs and arguments of counsel and *636 have concluded that no reversible error has been made to appear. McGowan v. State, 351 So.2d 1116 (Fla.4th DCA 1977); Williams v. State, 338 So.2d 251 (Fla.3d DCA 1976); State v. Miller, 267 So.2d 352 (Fla.4th DCA 1972); State v. Ashby, 245 So.2d 225 (Fla.1971); Cobb v. State, 213 So.2d 492 (Fla.2d DCA 1968), and Garcia v. State, 142 So.2d 318 (Fla.2d DCA 1962). Therefore, the judgment and sentence are affirmed.
Affirmed.