MELVIN, Judge.
This appeal brings for consideration the contention of the State of Florida that the trial judge was in error when he granted the motion to suppress evidence in the case, such motion having been filed by the defendant Ray Bernard Boutwell.
We have carefully considered the record, and it is our view that the officer had just cause to stop the truck in question under the control of Ray Bernard Boutwell. The area where the officer stopped the track was a “high crime area” . alongside the railroad track behind a residential area, a residential area that the residents complained about these vehicles being down there because of burglary. And it’s a known area, we recovered several stolen *232 vehicles in that area, we recovered vehicles used in armed robberies in that area,” according to the testimony of Deputy Suarez. When the officer stopped the truck, he lawfully observed in plain view dynamite in the back of the truck. See Lutz v. State, 354 So.2d 141 (Fla. 1st DCA 1978); State v. Brooks, 281 So.2d 55 (Fla.2d DCA 1973); State v. Miller, 267 So.2d 352 (Fla.4th DCA 1972); and State v. Stevens, 354 So.2d 1244 (Fla.4th DCA 1978). The defendant was charged with violating Section 790.161(3), Florida Statutes, relating to unlawful attempt to do damage to tracks of the Louisville and Nashville Railroad, and also was charged with violating Sections 552.101 and 522.22, Florida Statutes, by unlawfully possessing dynamite without a license or permit to do so.
. The order suppressing the evidence is reversed and the case remanded for further proceedings consistent with this opinion.
McCORD, C. J., and BOOTH, J., concur.