401 So.2d 865 (1981)
The STATE of Florida, Appellant,
v.
Norbert SCHNEIDER and Allen Joseph Marrella, Appellees.
No. 80-1426.
District Court of Appeal of Florida, Third District.
July 14, 1981.
*866 Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., for appellant.
Rex Ryland, Jr. and Harvey Watnick, Miami, for appellees.
Before BARKDULL, HENDRY and DANIEL S. PEARSON, JJ.
PER CURIAM.
We reverse the trial court's orders suppressing a quantity of marijuana and other evidence seized from a camper vehicle occupied by Schneider and Marrella[1] upon a holding that (1) the anonymous telephone tip received by a Public Safety Department detective was sufficiently rich in detail, and when promptly acted upon by the police, sufficiently corroborated, so as to justify a stop of the vehicle, State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved and adopted, Hetland v. State, 387 So.2d 963 (Fla. 1980); See also P.S.D. v. State, 388 So.2d 1069 (Fla. 3d DCA 1980); (2) the smell of marijuana emanating from the camper and detected at the time of the lawful stop provided probable cause to conduct a warrantless search of the vehicle,[2]Miranda v. State, 354 So.2d 411 (Fla. 3d DCA 1978); (3) the lawfulness of the stop is unaffected by the fact that the detective receiving the tip did not make a contemporaneous written record of the information conveyed, particularly in light of testimony that he immediately related the contents of the conversation to his superior, including the significant fact that the camper would depart from its location shortly, which under all the circumstances satisfied the salutary, but far from absolute, caveat of State v. Hetland, supra; (4) despite defendants' contrary suggestion, the record does not reflect any finding of fact by the trial court that the testimony concerning the tip, the corroborative observations, or the stop and smell was unworthy of belief.
Reversed and remanded.
NOTES
[1] The State's appeal is limited to Schneider and Marrella. Presumably, the State is not appealing the suppression of evidence later seized from a Toronado vehicle which was also the subject of the anonymous tip and was seen with the camper. It would aid the court if, when the State appeals orders which simply grant motions to suppress, it makes clear exactly which searches are at issue on appeal.
[2] The defendants made no claim that there were no exigent circumstances and that a warrant should have been procured.