446 So.2d 202 (1984)
The STATE of Florida, Appellant,
v.
Jerry Lee LAWSON, Appellee.
No. 83-805.
District Court of Appeal of Florida, Third District.
February 21, 1984.
Rehearing Denied March 28, 1984.
Jim Smith, Atty. Gen. and Marti Rothenberg and Calvin L. Fox, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The only issue on appeal is whether the stop of the defendant's vehicle which began the chain of events leading to the otherwise lawful seizure of the allegedly concealed firearm was based on founded suspicion. We find that it was and reverse the order granting the defendant's motion to suppress.
While on routine patrol between 4:00 and 4:30 in the morning, two City of Miami police officers observed the defendant driving a car. There were no passengers in the defendant's vehicle. The officers watched the defendant for about five to ten minutes. During that time, the defendant drove very slowly (between ten and fifteen miles per hour in a thirty-mile-per-hour speed zone) around the same block four or five times. On one of the corners of the *203 city block was an all-night gas station. The streets were deserted except for an occasional car passing through. The only people in the vicinity, apart from the officers and the defendant, were the gas station attendants. The gas station and neighboring buildings had been the scene of burglaries and other criminal activity within the past six months. Based upon the foregoing, the officers suspected that the defendant was about to commit a burglary or robbery or that he was acting as a look-out for someone who was committing a like crime in the immediate area.
Conceding, arguendo, that the act of driving slowly, the late hour, the history of past crime in the area, and other such innocent factors do not in themselves or sometimes even in combination give rise to a founded suspicion, see, e.g., Mullins v. State, 366 So.2d 1162 (Fla. 1978); Coladonato v. State, 348 So.2d 326 (Fla. 1977); Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983); Parker v. State, 363 So.2d 383 (Fla. 3d DCA 1978); State v. Brooks, 281 So.2d 55 (Fla. 2d DCA 1973), we have little difficulty concluding that where, as here, all of these factors are present and, most significantly, the defendant is observed not merely driving through the area, but instead circling a block and passing the open gas station four or five times at a speed of ten to fifteen miles per hour, the officers had a well-founded suspicion of criminal activity to justify stopping the defendant's vehicle. See In the Interest of G.T., 387 So.2d 485 (Fla. 4th DCA 1980); State v. Boutwell, 367 So.2d 231 (Fla. 1st DCA 1979); Laster v. State, 354 So.2d 1262 (Fla. 1st DCA 1978).
Reversed and remanded.
FERGUSON, Judge (dissenting).
The operative facts show only that a citizen, in the early morning hours, drove his automobile slowly around the block four or five times in a high crime area where a business establishment was open. The majority finds on those facts a founded suspicion of criminal activity which justified a detention. Our courts have, in the past, consistently rejected similar arguments. See Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980); Keenan v. State, 372 So.2d 1012 (Fla. 1st DCA 1979). The only unique fact here is that a business establishment in the area was open rather than closed  a nebulous distinction. A better case could be made if all the businesses had been closed. The trial court heard the testimony then correctly found the facts unsupportive of founded suspicion. I would affirm.