455 So.2d 492 (1984)
STATE of Florida, Appellant,
v.
Lawrence Joseph KOCH, Appellee.
No. AW-226.
District Court of Appeal of Florida, First District.
August 14, 1984.
Rehearing Denied September 17, 1984.
*493 Jim Smith, Atty. Gen., and Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellant.
Michael Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellee.
BARFIELD, Judge.
In this appeal the State seeks reversal of the trial court's order granting the defendant's motion to suppress evidence. The issues are whether the police had a well-founded and reasonable suspicion of criminal activity justifying their stopping of defendant's car, and if so, were the ensuing search and arrest lawful.
At approximately 2 a.m. on July 1, 1983, Officers Soloman and Vellis of the University Police Department observed a white Monte Carlo parked in the vicinity of Lake Alice, located on the campus of the University of Florida. The officers, in plain clothes occupying an unmarked car, were parked approximately ten yards away from the Monte Carlo. Although the car was parked in a secluded spot known as the "hole", it was legally parked, and it was not unusual for people to park their cars at Lake Alice at that time of night.
Officers Vellis and Soloman observed appellee attempt to light something for a period of several minutes. They could not determine if the object appellee was attempting to light was machine rolled or hand rolled. Officer Vellis described what he saw "... was the person in the driver's seat with his hands cupped to his face with a lighter in which he was lighting for a period of several minutes." Since cannabis is not normally as dry as cigarette tobacco, the officer suspected that what appellee looser packing of a hand-rolled cigarette makes it more difficult to light. However, Officer Vellis admitted on cross-examination that if someone were trying to light a regular cigarette in a car with air conditioning running, that person would experience difficulty lighting the cigarette. The record is silent as to whether the windows to appellee's car were up or down at this time. Officer Vellis did not hear the engine running.
Appellee successfully lit the object because the officers could see a glow. The glow, and therefore the lit object, was observed being apparently passed several times between appellee, who occupied the driver's seat, and his passenger. Since it was very dark, the officers could not tell by what manner or method the object was being smoked. Neither officer detected the odor of cannabis.
The officers felt cannabis was being smoked in appellee's car and they radioed for a marked unit. At about this point, appellee drove the car away. Officer Louis Wilkerson, operating a marked unit, heard Soloman's and Vellis' call for assistance and stopped appellee's car.
Wilkerson testified that the windows on appellee's car were down when he stopped it. Wilkerson stood two feet behind the driver's door and obtained appellee's driver's license. He did not detect the odor of cannabis. Wilkerson obtained appellee's license and immediately gave it to Officer Vellis who, along with Officer Soloman, had by this time arrived.
Soloman testified that he approached appellee's car from the passenger's side and saw a partially smoked hand-rolled cigarette in the ashtray. As he approached the window, he detected the odor of cannabis. Soloman thought the object was cannabis because of his experience and because it was hand rolled. Vellis, too, saw the hand-rolled object in the ashtray and detected the odor of cannabis.
The above events triggered a full search of appellee's car. Cannabis and narcotics paraphernalia were seized. After the search, appellee made incriminating statements.
Both officers testified that they were familiar with the odor of burning marijuana. They also stated that they had made prior arrests where a "shared cigarette" at that location ultimately proved to be marijuana.
*494 We hold that the officers had a well-founded and reasonable suspicion that criminal conduct had occurred, and therefore the stop was justified. Once the stop was made, the officers' detection of the odor of marijuana was probable cause for the search. A comprehensive statement of the legal principles involved in testing the legality of a stop is found in State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978). It has also been held that otherwise innocent factors, considered in combination, may give rise to a reasonable suspicion that justifies a stop. State v. Lawson, 446 So.2d 202 (Fla.3d DCA 1984). There is no dispute that two of the officers detected the odor of burning cannabis. This was probable cause for the arrest. State v. Schneider, 401 So.2d 865 (Fla.3d DCA 1981). The lawful stop and probable cause to arrest validated the search. Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); Wright v. State, 418 So.2d 1087 (Fla. 1st DCA 1982).
REVERSED.
THOMPSON and NIMMONS, JJ., concur.