GRIMES, Judge.
In this appeal from his conviction of trafficking in cannabis, appellant contends that the court erred in denying his motion to suppress marijuana which was seized pursuant to a warrantless search of his truck.
Nancy Miller acted as the representative of the landlord of a duplex apartment located south of Lake Wales in which appellant lived. Pursuant to his contract, Donald Fernandez, a pest control man, came to spray appellant’s apartment, but appellant was not home. Appellant had previously told Fernandez that he did not want him to go into his apartment when he was not there. For that reason Fernandez asked Ms. Miller to accompany him the day he sprayed. While inside they saw some large scales and several bales stacked in a bedroom. One of the bales had a tear in it, and Ms. Miller observed what she believed to be marijuana coming out of the tear. Ms. Miller telephoned a deputy whom she knew in the Polk County sheriff’s office and reported what she had seen. She stated that she knew what marijuana was because she had worked at a radio station in Miami where the disc jockeys had used marijuana.[1]
Shortly thereafter, one of the deputies went to Ms. Miller’s home to interview her. Others were dispatched to the apartment to watch it and provide a description for a search warrant. As the investigating officers were moving into surveillance positions, appellant returned home and backed up his camper truck next to the apartment. The deputies were unable to observe whether or not appellant was making trips in and out of the apartment because their view was blocked. After approximately ten minutes, appellant drove off at a rapid rate of speed. A supervising deputy gave an order over the radio that appellant’s truck was to be stopped and appellant was to be detained until a search warrant could be obtained. Deputy Anderson stopped appellant’s truck and ordered him outside. The deputy then walked over to the truck where he could see bales of marijuana both in the cab and in the camper shell. He also smelled an odor of marijuana surrounding the truck. At this point appellant was arrested and the marijuana was seized.
Appellant does not strongly contend that the deputies did not have probable cause to obtain a search warrant for the apartment. He does argue, however, that the deputies should not have stopped his truck because they did not have probable cause to believe *1194 that it contained marijuana. We find appellant’s position to be untenable.
The sheriffs deputies had every reason to believe that there were bales of marijuana in appellant’s apartment. They testified that they were aware that, upon returning home, appellant would know that someone had been in his apartment because of the smell of the bug spray. Although they were unable to see whether appellant had loaded the marijuana into his truck, they were justified in so concluding when he left hurriedly just ten minutes later. Thus, the deputies had probable cause to believe the truck contained marijuana,[2] and they were entitled to stop it for a search without a warrant. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
AFFIRMED.
LEHAN and FRANK, JJ., concur.

. The credibility of Ms. Miller's report was enhanced by her comment that appellant had owned a bar in Lake Wales because the sheriffs office had previously been told that a Lake Wales bar owner named Roger was dealing in marijuana.

. Even if we were to conclude that there was no probable cause to stop the truck, appellant's conviction could still be sustained. At the very least, the deputies had reasonable suspicion to believe that the truck contained marijuana. Therefore, they had a right to make an investigatory stop pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Once the truck was stopped, Deputy Anderson could see the marijuana in open view and had a right to seize it under the automobile exception to the warrant requirement. Ensor v. State, 403 So.2d 349 (Fla.1981).