481 So.2d 971 (1986)
STATE of Florida, Appellant,
v.
Robert Wesley BENNETT, Appellee.
No. 85-736.
District Court of Appeal of Florida, Fifth District.
January 16, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellant.
Grady G. Ayers, Winter Park, for appellee.
*972 SHARP, Judge.
The state appeals from an order granting Bennett's motion to suppress evidence of marijuana and cocaine which were discovered after a search of the automobile Bennett was driving. The trial court ruled that, as a matter of law, the odor of burnt marijuana which was wafting from Bennett or the car could not provide probable cause for the officer's search, "without something more than just plain smell." We disagree and reverse.
A deputy sheriff stopped Bennett for a traffic infraction. While standing next to Bennett's car, the officer smelled an odor of burnt marijuana. Bennett gave the officer permission to look inside the car. The officer did so, but seeing nothing incriminating, he took the ignition key and opened the glove box. This led to the discovery of the contraband in the glove compartment and trunk.
We agree with the trial court that the appellant's consent did not extend to a search of the glove compartment and the cargo area of the car;[1] however, contrary to the trial court's legal conclusion, we think that the odor of marijuana emanating from a car or a driver who recently exited his car, is sufficient probable cause to justify a search of the car. See Newman v. State, 476 So.2d 775 (Fla. 4th DCA 1985); McGowan v. State, 351 So.2d 1116 (Fla. 4th DCA 1977); Berry v. State, 316 So.2d 72 (Fla. 1st DCA 1975); State v. Jones, 222 So.2d 216 (Fla. 3rd DCA 1969). Compare: Brown v. State, 330 So.2d 861 (Fla. 4th DCA 1976) (error not to suppress because police officer only suspected odor emanating from defendant was marijuana and in fact stated that it may have been defendant's perfume or after shave lotion). Accordingly, we reverse the order granting the motion to suppress.
REVERSED.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] See State v. Carney, 423 So.2d 511 (Fla. 3rd DCA 1982); Goldberg v. State, 407 So.2d 352 (Fla. 4th DCA 1981); Major v. State, 389 So.2d 1203 (Fla. 3rd DCA 1980), review denied, 408 So.2d 1095 (Fla. 1981).