488 So.2d 670 (1986)
STATE of Florida, Appellant,
v.
Frank Henry REEVES, Appellee.
No. 85-2438.
District Court of Appeal of Florida, Fourth District.
May 21, 1986.
Rehearing Denied June 11, 1986.
Jim Smith, Attorney General, Tallahassee, and Amy Diem, Asst. Atty. Gen., West Palm Beach, for appellant.
Keith B. Seltzer, Ft. Lauderdale, for appellee.
PER CURIAM.
We reverse the order granting the defendant's motion to suppress because the law enforcement officers had probable cause to search the properly stopped vehicle for controlled substances.
Even ignoring the fact that the officer believed that the occupants of the vehicle met the "smuggler's profile" as developed by the Florida Highway Patrol, the remaining fact that the officer smelled the odor of burning marijuana coming from the vehicle was sufficient to constitute probable cause. Newman v. State, 476 So.2d 775 (Fla. 4th DCA 1985); State v. Koch, 455 So.2d 492 (Fla. 1st DCA 1984); and Berry v. State, 316 So.2d 72 (Fla. 1st DCA 1975).
The two officers at the scene testified unequivocally that the defendant consented to the search, while the defendant denied that he consented. The trial court observed the issue of consent was "litigated vigorously". However, we are at a loss to understand why the trial court declined to address this issue. If there was a consent to search then the existence or not of probable cause would be of no significance.
Reversed and Remanded.
DELL and WALDEN, JJ., concur.
GLICKSTEIN, J., concurs with opinion.
GLICKSTEIN, Judge, concurring.
I write for two reasons. First, I reiterate how helpful it is to us when the trial court spells out its findings and conclusions in orders on motions to suppress, as was done in this case, notwithstanding our disagreement with the decision. Trial judges assigned to the criminal division can expect to preside over 50 or more jury trials per year and juggle a wide assortment of other responsibilities. The trial court's entry of an order such as the one here, which responds in detail to the issues, is especially commendable when one considers that trial judges do not have the benefit of research aides or of submitted briefs.
Second, as for the case, the trial court had to conclude either that there was probable *671 cause to search or, if there was not, that there was consent to the search. The stop was legitimate because of the faulty tail light. The opinion for the court appropriately points out the officer's perception of the odor of marijuana  thus the probable cause  which perception is not mentioned by the trial court. Because of this oversight, the trial court erroneously concluded there was no probable cause because the search was based solely on the trooper's perception of the "smuggler's profile."