516 So.2d 74 (1987)
STATE of Florida, Appellant,
v.
Greogory T. WELLS, Appellee.
No. 87-207.
District Court of Appeal of Florida, Fifth District.
December 3, 1987.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellant.
James C. Weart, P.A., Orlando, for appellee.
COWART, Judge.
As a police officer lawfully approached a van lawfully parked in a business parking lot and the defendant exited the van, the officer smelled and recognized the odor of burning marijuana coming from the van. *75 The officer detained the defendant and searched the passenger compartment of the van. The search revealed one closed container with thirty-one partially burned marijuana cigarettes (roaches) and a second closed container with five plastic bags (baggies) of marijuana. The officer then arrested the defendant. The trial judge granted the defendant's motion to suppress. We reverse on the authority of State v. Bennett, 481 So.2d 971 (Fla. 5th DCA 1986) and cases cited therein, as well as State v. Reeves, 488 So.2d 670 (Fla. 4th DCA 1986); State v. Koch, 455 So.2d 492 (Fla. 1st DCA 1984), cause dismissed, 466 So.2d 217 (Fla. 1985); State v. Gullett, 418 So.2d 406 (Fla. 2d DCA 1982); State v. Schneider, 401 So.2d 865 (Fla. 3d DCA 1981); Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977); State v. Boyle, 326 So.2d 225 (Fla. 2d DCA 1976).
The mere possession of marijuana is illegal. When a police officer who knows the smell of burning marijuana detects that odor emanating from a vehicle, or from a person who has recently exited a vehicle, he has probable cause to believe a crime has been committed and that such person has committed it. This probable cause authorizes the arrest of such person and a warrantless search, either before or after the arrest, of the passenger compartment of the vehicle, and closed containers therein, for evidence of the crime. See U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); State v. King, 405 So.2d 770 (Fla. 5th DCA 1981).
The order suppressing the evidence is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.