BASKIN, Judge.
Defendants Pickersgill and Sawyer entered pleas of nolo contendere reserving the right to appeal the trial court’s refusal to suppress evidence seized without a warrant. They maintain that the initial stop of Sawyer’s vehicle was not based on reason *93 able suspicion of criminal activity, and consequently, items seized during a search of both defendants’ vehicles should be suppressed as “fruit of the poisonous tree.” See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
The state points to circumstances it contends formed the predicate for a valid stop. An anonymous informant called police and told them that she had information concerning a drug house located in her neighborhood. She stated that she was able to observe the house from her residence and that two weeks earlier she had seen bales of marijuana being unloaded from a truck parked in the garage. She noted that the house was in disrepair and described several parked vehicles, reporting that many vehicles came and left at night, including the night she called.
The police set up a surveillance of the house and observed that the house and the cars parked at the house appeared consistent with the information supplied by the informant. They also observed a truck being driven out of the garage, Pickersgill backing a car into the garage, and someone shutting the garage door. Sawyer drove up in a car with its headlights turned off and backed up to the garage. Later, Sawyer and Pickersgill drove away in separate cars. The officers watching the house called for other officers to intercept Sawyer. When they stopped Sawyer, the officers detected the odor of marijuana. They ordered Sawyer and his passenger out of the car, and read them Miranda rights. Sawyer consented to a search of the car, and the police found a gun in the glove compartment, a large quantity of cash in the passenger compartment and several bales of marijuana in the trunk. Sawyer told the officers that he had purchased the marijuana at the house and that other marijuana at the house might be moved out of the area. Shortly thereafter, the police stopped and arrested Pickersgill, searched his car, and found bales of marijuana in the trunk.
After the state filed charges, the trial court conducted a hearing on defendants’ motions to suppress the evidence. The trial court denied the motions, apparently finding that the circumstances gave rise to a well-founded suspicion of criminal activity justifying the stops. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We affirm. See Tamer v. State, 484 So.2d 583, 584 (Fla.1986) (“Although none of the facts standing alone might give rise to a reasonable suspicion, taken together as viewed by an experienced police officer they provided clear justification for a brief detention.”); State v. King, 485 So.2d 1312 (Fla. 5th DCA 1986) (police officer had reasonable suspicion to detain defendant based on observation of passenger gawking at officer; defendant slowly driving vehicle and stopping as officer passed; and later stopping at bar known for drug dealing; backing up to door with engine running and one of the passengers going inside while the others waited in the car); Schultz v. State, 463 So.2d 1192 (Fla. 2d DCA 1985) (police officer had probable cause or at least reasonable suspicion to stop defendant based on information that apartment contained marijuana and observation by officers of defendant returning home, backing up camper next to the apartment and leaving hurriedly shortly thereafter, notwithstanding fact that officers’ blocked view prevented them from observing whether defendant was loading marijuana into the camper); State v. Van-Nostrand, 456 So.2d 948 (Fla. 3d DCA 1984) (initial stop of defendant when he drove into driveway of a home under police surveillance was reasonable); see also Gadsen v. State, 498 So.2d 1339 (Fla. 2d DCA 1986) (police did not have probable cause to search automobile based on observation of defendant arriving at motel under police surveillance and going to motel room of person suspected to be a drug dealer; evidence, at most, supported an investigatory stop).
We remand, however, with directions to the trial court to correct the order withholding adjudication to reflect that defendants entered pleas of nolo contendere, rather than guilty.
Affirmed as modified.