HERSEY, Chief Judge.
Appellant, the City of Fort Lauderdale, appeals the lower court’s final summary *632 judgment in favor of appellee, John Coppe, in a forfeiture proceeding. The summary judgment was based on a previous order granting Coppe’s motion to suppress certain evidence seized after an investigatory stop and a warrantless search of Coppe’s vehicle.
At the hearing on the motion to suppress, testimony of detectives Barbara Stafford and Michael Spasaro established that at about 5:10 p.m. on August 24, 1981, Stafford received an anonymous phone call from a male individual who told her that a van was parked inside of A-l Canvas Products, a business located on Northeast 8th Street, and that the van was being unloaded and contained marijuana. Stafford radioed some other detectives who were on patrol (including Spasaro) to check it out, then she left and proceeded to the described area to assist with surveillance.
After being contacted by Stafford, Spa-saro drove immediately to the business location and set up surveillance. The business appeared to be closed when he arrived. About ten minutes later he saw a white utility truck with the name “A-l Canvas” painted on it drive up and park out front, and the driver entered the business. A few minutes later a 1981 Ford LTD arrived, and the driver (appellee, John Coppe) parked and went inside. Appellee soon came back out, the business’s bay door was raised (apparently the business was in a warehouse-type building), and ap-pellee then backed the Ford into the bay area to the point where only the front of the fenders was exposed.
At this point Spasaro drove by the front of the business and saw, inside the bay area, a blue van with its doors open. He also saw that the Ford was backed up to the back of the van, and that the trunk of the Ford was open. He saw two men inside, one of whom (appellee) was carrying a briefcase. Spasaro drove by again and saw appellee come outside and take a couple of “prolonged looks up and down the street.” Appellee then pulled the bay door down as far as possible, to the roof of the car.
After about 5-7 minutes the bay door opened and the Ford drove out. Spasaro noticed that the car had Martin County tags on it and that it appeared to be riding low in the rear, exhibiting a swaying motion when it turned.
Spasaro then radioed for a marked police car to stop the Ford. After the car was stopped, Stafford and Spasaro drove up and exited their vehicles. As Spasaro approached the driver’s side of the Ford he thought he detected the odor of marijuana coming from the trunk area. Spasaro identified himself to appellee and asked him to step onto the sidewalk. Spasaro then bent down and put his nose up against the trunk of the Ford, whereupon he smelled marijuana.
Spasaro then asked appellee if he would mind if they opened his trunk, but appellee stated that he would rather not answer that question. So, Spasaro took the keys to the car and opened the trunk himself, and found two large, open plastic bags filled with marijuana, and a cardboard box (taped closed) which also contained marijuana. Seventy-eight pounds of marijuana were found in the trunk. The marijuana was all buds, the flowery part of the plant containing most of the odor-producing resin. Also in the trunk were some tires, a 20-pound scale, and a lot of “garbage.”
Appellee contends that he was unlawfully stopped, and therefore any evidence seized as a result of the stop was inadmissible as “fruit of the poisonous tree.”
A “stop” is a temporary investigative detention of an individual short of arrest. State v. Hetland, 366 So.2d 831, 834 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla.1980). Admissibility of later-seized evidence depends on the validity of the initial stop. Id. A stop is permissible if based on a “reasonable” or “founded” suspicion that criminal activity is afoot. Id.; State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). A “founded suspicion” is a suspicion which has some factual foundation in the circumstances observed by an officer, when those circumstances are interpreted in the light of the officer’s knowledge. Stevens, 354 So.2d at 1247. A valid “stop” may be based on information obtained from an anonymous tip if that infor *633 mation appears sufficiently reliable because of surrounding circumstances or the nature of the information given in the tip itself. Hetland, 366 So.2d at 838-39.
In the present case we agree with appellant that the anonymous tip, combined with the surrounding circumstances, provided Spasaro, an experienced narcotics officer, with reasonable suspicion to justify a “stop.” See Pickersgill v. State, 516 So.2d 92 (Fla. 3d DCA 1987).
Appellee also contends that even if it is assumed that the initial stop was valid, officer Spasaro lacked probable cause to search the trunk of the Ford. We disagree. See State v. Bennett, 481 So.2d 971 (Fla. 5th DCA 1986) (odor of burnt marijuana emanating from vehicle furnished probable cause to justify search); State v. Schneider, 401 So.2d 865 (Fla. 3d DCA 1981) (smell of marijuana emanating from camper vehicle detected at time of lawful stop provided probable cause to conduct warrantless search of vehicle); Mock v. State, 385 So.2d 665, (Fla. 2d DCA), rev. denied, 392 So.2d 1377 (Fla.1980) (strong odor of marijuana coming from trucks constituted probable cause to search).
Based on the foregoing we conclude that the lower court erred in granting appellee’s motion to suppress, and therefore also erred in granting appellee’s motion for summary judgment. Accordingly, we reverse and remand for trial on the forfeiture.
REVERSED AND REMANDED.
LETTS and GLICKSTEIN, JJ., concur.