PER CURIAM.
The defendant appeals from the denial of a motion to suppress following which he entered a plea of nolo contendere to a charge of third-degree grand theft of a motor vehicle.
The dispositive point is whether the arresting officer had founded suspicion to justify a stop of the vehicle which the defendant was driving. The officer testified that he first observed the defendant while on routine patrol in an area known to police for its crack trafficking and high percentage of stolen motor vehicles resulting in recovery by police of between two and three such vehicles per day. As the officer approached from behind the vehicle operated by the defendant, the officer observed “the trunk key hole was pried open.” Based upon his experience, and these articulated facts, the policeman required the defendant to pull to curb-side where further investigation led to the revelation that the defendant had stolen the vehicle. Because of the police officer’s experience and the totality of the circumstances, we agree with the trial court’s denial of the motion to suppress finding there was well-founded suspicion of criminal activity to justify stopping the defendant’s vehicle. State v. Lawson, 446 So.2d 202 (Fla. 3d DCA), review denied, 453 So.2d 44 (Fla.1984); Mock v. State, 385 So.2d 665, 667 (Fla. 2d DCA), review denied, 392 So.2d 1377 (Fla.1980); State v. Lopez, 369 So.2d 623, 624 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1198 (Fla.1980); State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978); § 901.151(2), Fla.Stat. (1987).
Affirmed.