594 So.2d 839 (1992)
STATE of Florida, Appellant,
v.
T.T., a Child, Appellee.
No. 91-684.
District Court of Appeal of Florida, Fifth District.
February 28, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellee.
*840 W. SHARP, Judge.
The state appeals from an order suppressing evidence of a marijuana cigarette found in T.T.'s right front jeans pocket. The court ruled it was dispositive of a delinquency petition filed against T.T. based on possession of marijuana. We reverse.
At the hearing on T.T.'s motion to suppress, Deputy Bagley testified that he was working off-duty as a security guard at the Funtastic Skating Center in Orange County, Florida, when he came into contact with T.T. Bagley had positioned himself at one side of a three-foot doorway, opposite an attendant who was taking tickets from the patrons entering the Center. It was 11:00 p.m. when T.T. passed through the doorway by himself and walked between the attendant and Bagley.
Bagley's attention was immediately focused on T.T. because he smelled a very strong odor of smoked cannabis emanating from T.T. Bagley identified himself to T.T. as a law enforcement officer. Bagley took T.T. to a nearby office and searched his pockets. He found a partly-smoked, rolled cigarette, recognized it as likely being cannabis, and verified that it was cannabis after doing a presumptive test on it. He then arrested T.T. for having committed a first degree misdemeanor in his presence.[1]
Bagley also testified that he had worked with the Orange County Sheriff's Department for five years, had been trained in narcotics, and had made numerous drug and cannabis-related arrests. Part of his training was the detection of cannabis through its distinctive smell. He testified he had smelled the burned residue of cannabis many times, he was familiar with it, and could easily recognize its smell. The odor coming from T.T. was very strong.
Based exclusively on the odor of burned marijuana coming from T.T., Bagley testified that he had probable cause to believe that T.T. had contraband on his person. Bagley said he could not see any bulges in T.T.'s clothing, nor had he observed T.T. smoking a cigarette outside or inside the Center (smoking was not permitted inside the Center). He had no grounds to believe T.T. was armed or carrying a weapon and T.T. did not give his consent to the search.
The issue in this case is whether Bagley had probable cause to believe T.T. was in possession of cannabis based solely on the very strong smell of burned marijuana residue, which Bagley detected coming from T.T., as he walked past Bagley at the entrance doorway.[2] We think he did. The sense of smell is perhaps not as keen in humankind as in other animals, but some odors such as burned cannabis are very strong and very distinctive. A person who is trained to recognize the odor of marijuana and who is familiar with it and can recognize it has probable cause, based on the smell alone, to search a person or a vehicle for contraband. State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988); State v. Wells, 516 So.2d 74 (Fla. 5th DCA 1987); State v. Reeves, 488 So.2d 670 (Fla. 4th DCA 1986). As this court noted in Wells:
The mere possession of marijuana is illegal. When a police officer who knows the smell of burning marijuana detects that odor emanating from a vehicle, or from a person who has recently exited a vehicle, he has probable cause to believe a crime has been committed and that such person has committed it. This probable cause authorizes the arrest of such person and a warrantless search, either before or after the arrest, of the passenger compartment of the vehicle, and closed containers therein, for evidence of the crime.
516 So.2d at 75.
Accordingly, we reverse the suppression order and remand for further proceedings.
REVERSED and REMANDED.
HARRIS, J., concurs.
DAUKSCH, J., dissents with opinion.
*841 DAUKSCH, Judge, dissenting.
I respectfully dissent.
The trial judge heard the testimony of one witness and made his ruling based upon that evidence alone. No factual findings were expressed so we are without a clue as to the basis for the ruling. It could be that the judge did not believe the witness and granted the motion on that basis. If so, then this court cannot disturb the ruling  factual determinations are solely that judge's province. I venture to guess that all experienced trial judges sometimes do not believe some testimony and thus rule on that basis without directly saying the witness was not believed. Given that that is entirely possible here, I think we are bound to affirm.
Whether defense counsel "accepted Bagley's testimony" (mentioned by the majority in footnote 2) is not the question. For this court to decide is whether the record establishes that the trial judge erred. He ruled that the evidence should be suppressed. He does not have to state his reasons or his findings. State v. Keel, 557 So.2d 907 (Fla. 1st DCA 1990). His ruling is presumed correct. Savage v. State, 588 So.2d 975 (Fla. 1991); Bonilla v. State, 579 So.2d 802 (Fla. 5th DCA 1991). We are bound to uphold his ruling.
NOTES
[1] § 893.13(1)(g), Fla. Stat. (1991).
[2] The issue of Bagley's credibility was not raised below or on appeal. At the suppression hearing, defense counsel apparently accepted Bagley's testimony, but questioned whether the odor alone could create a reasonable suspicion sufficient to justify a search of T.T.'s clothing.