HOBSON, Judge.
The State appeals an order of the Circuit Court for Pinellas County granting Paul Randolf Gullett’s motion to suppress contraband seized without a warrant from a closed, brown paper bag located in the front of the passenger compartment of a car. We reverse.
In August, 1981, the State charged appel-lee with unlawful possession of more than 20 grams of marijuana, in violation of section 893.13, Florida Statutes (1981). He pled not guilty and filed a motion to suppress. At the suppression hearing, the only person to testify was Officer Joseph Dibella of the Madeira Beach Police Department.
Dibella testified that he pulled into the parking lot of a beachfront motel while on patrol in a marked car at 9:30 p. m. on April 24, 1981. He routinely patrolled this lot since there “had [been] a lot of burglary there, a lot of break-ins, a lot of juvenile trouble.” He observed a car at the end of the lot parked by a large sign prohibiting parking by persons not hotel guests. As he approached, he saw two heads bobbing up and down in the back seat. Both looked back at his car, and then one quickly bent down and got back up as if hiding something.
Dibella radioed in and exited his car. As he walked towards the car, he smelled the odor of marijuana emanating from within. The windows were down and he asked the two, a boy and a girl, for identification. He ascertained their names, discovered both were 16 years old, and determined neither was a hotel guest. While talking to them, he noticed a partially-filled can of beer on the floor. He asked them whose beer it was and they replied that it was theirs. He then asked both to exit the car. As they stepped out, he observed a large, brown, grocery-type paper bag on the back seat, a small baggie containing a green leafy substance (later identified as marijuana) wedged in the crease between the back rest and bench portion of the rear seat, and a marijuana “bong” on the rear floorboard. He placed each under arrest for possession of alcoholic beverages by a minor and for possession of marijuana. He patted down the boy but did not pat down the girl. He then removed the paper bag from the back seat, which contained a six-pack of beer and some empty beer cans. While placing it on *408 the hood of their car, he noticed a closed bag on the floorboard underneath the steering wheel which was of the same type he had just removed from the back. He reached in, grabbed one side of it, and pulled it towards him. As he did so, it opened. Inside, he noticed several plastic bags of marijuana, a few plastic bags of black pills, and a .22 caliber pistol. The boy and girl denied any knowledge of this bag. However, the girl indicated that it was probably her brother’s, appellee’s. They told the officer that he and his girlfriend had driven them to the parking lot and that the car belonged to his girlfriend.
After his apprehension, appellee was advised of his Miranda rights. He then admitted ownership of the contraband seized from the bag in the front.
The warrantless search of the bag in the front is justified under the automobile exception. The officer smelled the odor of marijuana. Thus, he had probable cause to believe that the car contained marijuana. As a result, he had the right to search the bag in the front because it may have contained marijuana. See United States v. Ross, - U.S. -, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).
A second justification for the war-rantless search of the bag in the front is the search incident to arrest exception. The officer discovered the contraband in the passenger compartment immediately after placing the boy and girl under arrest. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
Accordingly, we reverse the order granting appellee’s motion to suppress and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
OTT, C. J., and GRIMES, J., concur.