DAUKSCH, Judge.
This is an appeal from an order suppressing evidence in a narcotics case. We have jurisdiction under section 924.071(1), Florida Statutes (1985).
The question in this appeal is whether the police had a sufficient legal basis, probable cause, to permit them to arrest, or to search without an antecedent arrest, the appellee. Because we believe the police, officers had knowledge of sufficient facts to warrant both a search and an arrest for possession of cocaine we reverse the order suppressing the evidence.
The controlling case law here is Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983) which established the legal principle that the “totality-of-the-circumstances approach is far more consistent with our prior treatment of probable cause than is any rigid demand that specific ‘tests’ be satisfied by every informant’s tip.”
The facts are that two patrolling policemen saw appellee talking to a known drug-dealer in an area described as a drug supermarket at 1:20 in the afternoon. When the *713 officers began approaching the pair appel-lee quickly left and as the officers were talking to the dealer they saw appellee look around the comer of a building and then leave again. Suspicion apparently aroused, the officers went around the neighborhood, one on foot, the other by car, to see what was up. The policeman testified that he thought appellee was probably running from the police for some reason; either he was holding drugs or he was wanted. Ap-pellee was then seen sitting on a porch in the neighborhood with two women. Officer Bell said he asked appellee his name and appellee declined to give it. Bell said he was then considering arresting appellee for “loitering for unlawful purpose” and began to Mirandize him. During the recitation of the Miranda warning appellee interjected by giving his name. At this point one of the women became excited and began yelling. Officer Medvec, the one driving the car, had come to the scene and was assisting in the investigation by keeping an eye on the other persons in the area. When the woman, Carman Sisnett, became excited and began yelling she was also going into her purse with her hand. Med-vec told her to keep her hands out of her purse, which she refused to do. The repeated motions to her purse, the excitation, the yelling and the fact that she was coming between appellee and Officer Bell caused Medvec to grab her purse-diving hand. As he did this he saw a gun in the purse. He seized the purse, arrested Sis-nett for a weapon violation and took her into his control. She then said the .38 calibre pistol belonged to appellee. She also told Medvec that appellee had cocaine in his possession. Carman Sisnett testified at the suppression hearing and corroborated the testimony of Officer Medvec, admitting she told Medvec that appellee was in possession of cocaine. Medvec told Bell about the cocaine, Bell arrested appellee for possession of cocaine. A search of appellee led to the cocaine found on appel-lee’s person.
We cannot agree with the trial judge who concluded that this case is governed by the principles stated in Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980). In Kearse, the defendant was seen leaning into a car occupied by several persons. Upon approach of the deputies, Kearse, who was well-known to the deputies, briskly walked away and thus aroused their suspicions because he would usually acknowledge them. The Fourth District Court of Appeal held, and we agree with the ruling and rationale, that the circumstances in that case did not amount to anything greater than a suspicion and thus did not permit a probable cause search or arrest.
Here, it was agreed by all who testified, including appellee, that even after Officer Bell began talking to him and even after the Miranda warning that appellee was not under arrest and was always free to go. It was not until Carman Sisnett told the police that appellee was in possession of cocaine that the decision to arrest and search was made.
Under all of the facts including the coup de grace, the Sisnett snitching, it is the proper conclusion to hold that the policemen were reasonable in believing that ap-pellee was committing a felony — possession of cocaine. They had sufficient probable cause to arrest for the felony and search his person incident to the arrest. They also had sufficient probable cause and exigent circumstances to conduct a warrantless search.
Order reversed, remanded for further proceedings.
SHARP, C.J., concurs.
DANIEL, J., dissents without opinion.