538 So.2d 83 (1989)
STATE of Florida, Appellant,
v.
Thomas Lavaughn BOWDEN, Appellee.
No. 88-927.
District Court of Appeal of Florida, Second District.
February 3, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellee.
*84 PARKER, Judge.
The state appeals an order of the trial court granting a motion to suppress cocaine found in a vehicle and on Bowden's person. We reverse.
The following testimony was presented at the suppression hearing. Officers Mark Densmore and D.O. Castillo of the Tampa Police Department drove a marked patrol car into the parking lot of Williams Park after the park's closing hours and found two cars parked there. Williams Park was a public park known for illegal drug activity, prostitution, and homicides. Densmore approached one car to inform the driver that the park was closed. Castillo approached the other car which contained three males, one of which was Bowden. Castillo[1] testified that he smelled marijuana while sixty to seventy feet from Bowden's vehicle and that he saw a cloud of smoke in the car from thirty to forty feet away. Castillo explained that his flashlight, the lights in the park, and the patrol car's headlights permitted him to see the smoke.
Before Castillo reached the vehicle, the three occupants had exited the vehicle, which they had locked with the windows closed. Castillo testified the marijuana smell was stronger as he approached the vehicle. Castillo engaged the vehicle's occupants in conversation, inquiring who they were and who owned the vehicle. Castillo testified that he could not "get a straight answer from anyone."
Densmore testified that Castillo waved him over to Bowden's vehicle soon after Castillo arrived at Bowden's vehicle. Densmore stated that Castillo was standing at the rear of the vehicle talking to the three occupants at the time Densmore was walking toward the vehicle. Densmore further testified that he smelled burning marijuana when he arrived at the vehicle. Until that time, Densmore could not smell marijuana.
Upon Densmore's arrival at the vehicle, Castillo mentioned to Densmore for the first time that he could smell marijuana. Castillo then shined his flashlight into the vehicle. Castillo testified he saw one inch of a marijuana cigarette under a roll of tape on a beverage holder. Castillo then requested keys to the vehicle, which Bowden provided, and proceeded to search the vehicle. Castillo testified that he seized the marijuana cigarette that he had observed from outside the vehicle and that it was still warm when he touched it. Castillo also found eight pieces of rock cocaine in a closed ashtray. Castillo thereafter arrested Bowden, and, in a search incident to that arrest, Castillo located a piece of rock cocaine in Bowden's pant's pocket.
In granting the motion to suppress, the trial judge expressed great skepticism in Castillo's ability to smell marijuana from a distance of fifty feet and see a cloud of smoke at night from a vehicle with closed windows. The trial judge stated:
If I'm to delete the smell of marijuana and the cloud of smoke, which I  in my  I guess my sitting on this motion had the right to judge the credibility of the facts involved and I did that, and did so decide that this was not credible evidence, so I'm denying  or I am granting the motion to suppress in this case and I don't think it can be upheld on his  of those charges or any of those theories, either the plain view or search incident to arrest, or the fact that the officer had a reasonable suspicion to believe that a drug related crime was taking place.
We recognize that the trial court's ruling on the motion to suppress comes to this court with the presumption of correctness. See State v. Riehl, 504 So.2d 798 (Fla. 2d DCA), review denied, 513 So.2d 1063 (1987). We further recognize that we must interpret the evidence and all inferences capable of being drawn therefrom in the light most favorable to sustaining the trial court's conclusions. See Riehl, 504 So.2d at 800. Applying these standards *85 to this case, however, we still find that the trial court erred.
We do not quarrel with the trial judge's finding that Castillo's testimony was unbelievable. Densmore's testimony, however, was uncontroverted. A trial judge must accept evidence which is "neither impeached, discredited, controverted, contradictory within itself, or physically impossible." State v. Fernandez, 526 So.2d 192, 193 (Fla. 3d DCA), cause dismissed, 531 So.2d 1352 (1988). If the trial judge had considered Densmore's testimony, the following factors were present: the smell of marijuana coming from Bowden's vehicle within a public park after closing hours; the vehicle's occupants locking and exiting the vehicle upon approach of the uniformed officer; and occupants who provided evasive answers to the officer's inquiries.[2]
Because the park was a public place, the officers needed no well founded suspicion of criminal activity to approach these persons and make inquiries. These circumstances created an encounter only. See McLane v. Rose, 537 So.2d 652 (Fla. 2d DCA 1989). See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984).
The smell of marijuana alone emanating from a vehicle establishes probable cause for law enforcement officers to search the vehicle. State v. Gullett, 418 So.2d 406, 408 (Fla. 2d DCA 1982). Additionally, the smell of burning marijuana emanating from a car, combined with other circumstances such as time and location, is sufficient to establish probable cause to believe the car contained contraband and authorized its warrantless search by police. State v. Boyle, 326 So.2d 225 (Fla. 2d DCA 1976).
Once the officers seized the still warm marijuana cigarette, after smelling the burning marijuana, there was probable cause to arrest Bowden. Thereafter, the cocaine found on Bowden was seized lawfully as a search incident to an arrest. See § 901.21, Fla. Stat. (1987); Williams v. State, 516 So.2d 1081 (Fla. 2d DCA 1987). The cocaine seized from the vehicle was subject to seizure and confiscation by the officers. § 893.12, Fla. Stat. (1987).
Because Bowden's motion to suppress challenges the seized contraband as obtained from an unlawful search and we have found the search to be lawful, we reverse the order suppressing the seized cocaine. The state will have the burden to prove at trial the elements of the possession charges.
REVERSED AND REMANDED.
CAMPBELL, C.J., and SCHOONOVER, J., concur.
NOTES
[1] Castillo had served for eight years in the department's vice section. He had over one hundred hours of training in narcotics identification. He had received daily instruction in narcotics identification over an eight-month period from his sergeant who was a certified expert instructor in narcotics identification.
[2] Bowden's attorney, in arguing the motion to suppress, stated: "My argument, Judge, is that if you believe that they smelled marijuana, saw the marijuana, et cetera, then you have to deny it  you know, you have to deny my motion."