## STATE OF FLORIDA v SKAGGS
### Case No. 27894-89
County Court, Marion County

January 18, 1990

### APPEARANCES OF COUNSEL

**Gary Lemaster, Esquire,** Assistant State Attorney, for plaintiff.

**Trisha C. Jenkins, Esquire,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

THOMAS D. SAWAYA, County Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS*

The Defendant's Motion to Suppress was heard on December 18, 1989. That Motion requests this Court to suppress all of the evidence gathered by Deputy C. Thomas which led to the arrest of the Defendant for driving will license suspended or revoked. Specifically, the Motion alleges that no probable cause existed for the deputy to stop the Defendant's vehicle.

The only evidence presented at the hearing was the testimony of Deputy C. Thomas and his testimony was "neither impeached, discredited, controverted, self-contradicting, nor physically impossible." *State v G.H.,* 549 So.2d 1148, 1149 (Fla. 3d DCA 1989). Therefore, this Court must accept his testimony as to what occurred for the purposes of deciding the issues raised by the Motion to Suppress. *Id; Stave v Bowden,* 538 So.2d 83 (Fla. 2d DCA 1989).

Deputy C. Thomas testified that on October 2, 1989, he observed the Defendant's vehicle traveling east on U.S. 27 with no visible tag. He pulled the vehicle over and immediately observed that it had a valid temporary tag in the rear window. The window was tinted and that is why he did not observe it earlier. He further testified that he observed nothing unusual or unlawful about the tag or the vehicle and that the only reason he pulled the Defendant over was because he could not see a tag. Deputy Thomas testified that after he observed the valid temporary tag on the vehicle, he had no reasonable suspicion to stop the vehicle or to continue detailing it. Nevertheless, he did continue to detain the vehicle and further testified that the Defendant was not free to leave.

He exited his patrol car to check the Defendant's driver's license and the only reason he gave for doing so was a department policy that once a vehicle is stopped, the driver's license should be checked. That check revealed that the Defendant's driver's license was suspended and he was arrested for driving with a suspended driver's license.

The Defendant's Motion to Suppress is premised on fundamental Fourth Amendment rights which prohibit unreasonable searches and seizures. In Florida, the police may stop and investigate a motor vehicle when there is a founded suspicion of criminal activity in the mind of the police officer. *Kehoe v State,* 521 So.2d 1094 (Fla. 1988). In order for a founded suspicion to exist, there must be a factual foundation in the circumstances observed by the officer when those circumstances are interpreted in the light of the officer's knowledge. *Id; State v Stevens,* 354 So.2d 1244 (Fla. 4th DCA 1978).

When Deputy Thomas first observed that Defendant's vehicle did not have a tag, a founded suspicion certainly existed to allow the officer to stop and detain the vehicle and the Defendant. However, once the deputy observe the temporary tag and concluded that it was proper, any justification for detention ceased and the founded suspicion vanished at that point. *Castillo v State,* 536 So.2d 1134 (Fla. 2d DCA 1988). The State then had the burden of showing that the continued detention was not illegal. The State has failed to meet that burden. *Id.*

200

Therefore, under the facts of this case, the Court finds that the continued detention of the Defendant and the subsequent check of his license was an unreasonable and unconstitutional search and seizure. *Keenan v State,* 372 So.2d 1012 (Fla. 1st DCA 1979).

Therefore, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Suppress is granted.

**DONE AND ORDERED** in Chambers at Ocala, Marion County, Florida, this 18th day of January, 1990.