PER CURIAM.
This is an appeal by the defendant Jesus Hernando Donado from a final judgment of conviction and sentence for trafficking in cocaine. For the reasons which follow, we affirm.
First, we conclude that the trial court properly denied the defendant’s motion to suppress and admitted in evidence the defendant’s confession to the police. There was ample probable cause for the defendant’s arrest, and a prima facie showing of a corpus delicti was made below. We have not overlooked the defendant’s forceful arguments to the contrary, but are not persuaded thereby. A detailed factual analysis of the record evidence which led us to these conclusions would unnecessarily burden this opinion, but suffice it to say that the totality of the circumstances in this ease shows both probable cause for the defendant’s arrest, see Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 1310-11, 93 L.Ed. 1879, 1890 (1949); United States v. Canieso, 470 F.2d 1224 (2d Cir.1972); cf. State v. Dean, 532 So.2d 712 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 1333 (Fla.1989); Sands v. State, 414 So.2d 611 (Fla. 3d DCA 1982), and a prima facie corpus delicti apart from the defendant’s confession. See Thomas v. State, 531 So.2d 708, 710 (Fla.1988); State v. Allen, 335 So.2d 823 (Fla.1976); McIntosh v. State, 532 So.2d 1129, 1131 (Fla. 4th DCA 1988); State v. Hepburn, 460 So.2d 422, 426 (Fla. 5th DCA 1984); cf. State v. Gilbert, 507 So.2d 637 (Fla. 5th DCA 1987).
Second, we conclude that the comments made in closing argument to the jury by the prosecuting attorney and counsel for the codefendant, although improper, did not vitiate the entire trial and thereby compel a mistrial. The prosecuting attorney’s *1282 comments were, at worst, only marginally prejudicial to the defendant — and the trial court, in any event, gave the jury a more than adequate curative instruction. The codefendant counsel’s statements were admittedly more disturbing, but, in balance, we conclude that they did not deprive the defendant of a fair trial — especially given the weight of the evidence adduced against the defendant at trial and the trial court’s brief curative instruction to the jury. See State v. Murray, 443 So.2d 955, 956 (Fla.1984); Breedlove v. State, 413 So.2d 1, 8 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); Macias v. State, 447 So.2d 1020, 1021 (Fla. 3d DCA 1984); Tacoronte v. State, 419 So.2d 789, 792-93 (Fla. 3d DCA 1982).
Third, we conclude that the motion for severance of defendants was properly denied by the trial court. McCray v. State, 416 So.2d 804, 806 (Fla.1982).
Affirmed.