COBB, Judge.
Roderick Flonory, the defendant, was found guilty of second degree murder with a firearm. Subsequently, the trial judge granted a new trial based upon his determination that Flonory’s taped confession should have been suppressed at a pretrial hearing (held before a different judge) and was improperly admitted at trial. The basis of the ruling was the trial judge’s determination that the confession emanated from an arrest made without probable cause. The state now appeals the granting of the new trial.
In the instant case, the parties have agreed, for the purposes of this appeal, that a request by the police that Flonory go from his home to the police station for questioning was an arrest. After a careful review of the record, we find that there was sufficient evidence presented at trial that would give rise to probable cause for that arrest. It was error for the trial *311 judge to base his new trial order, at least in part, on his review of the suppression hearing. The fact that the previous judge may have used the wrong evidentiary standard at that hearing is basically irrelevant in the present context. It was the introduction of the taped confession at trial which prejudiced (rightfully or wrongfully) the defendant and was the true issue at the post-trial hearing; the issue now before us is whether the evidence adduced at trial was sufficient to show that probable cause existed for the defendant’s arrest preceding his confession.
The evidence at trial shows that the shooting victim, Gary Johnson, had been brought to the hospital by several of his friends. At the hospital, a verbal statement was given to an investigating officer by one Anthony Terry, an eyewitness to the shooting. Terry said that Johnson had been hit by gunshots coming from a maroon Cutlass with two black males in it, one driving and the other firing from the front passenger seat. At the time of the shooting Johnson was standing beside a car occupied by two of his friends named Thayer and Thorp. Earlier that evening Thayer and Thorp had been involved in a fight with Croton and Clark. The latter was observed at the scene of the fight to have a handgun. When an officer interviewed Clark, he said that the gun he had been seen with at the time of the fight belonged to one Cory Cooper and he had returned it to Cooper at the scene. Clark mentioned Cooper’s nickname (“Bootsie”) and someone called either “Red” or “Rod.” Clark then rode with an officer around the neighborhood and identified a maroon car in a driveway as Cooper’s. The car was eventually searched with Cooper’s permission, and a .38 caliber shell casing was found therein. When Cooper was asked who he had been with that night, he said it was Roderick Flonory. Cooper then pointed out to the police where Flonory lived, whereupon Flo-nory was arrested and taken to the police station. There he confessed to the shooting after being given Miranda warnings.
Probable cause exists where the totality of the facts and circumstances within an officer’s knowledge would cause a man of reasonable caution to believe that a criminal offense had been committed by the person who is to be arrested. Bostick v. State, 554 So.2d 1153, 1155 (Fla.1989). Certainly, there was sufficient information available to the arresting officers to indicate that Flonory was involved in criminal activity, as either the driver or gunman, in regard to the shooting of Johnson. State v. Riehl, 504 So.2d 798 (Fla. 2d DCA), review denied, 513 So.2d 1063 (Fla.1987).
Accordingly, based upon the undisputed evidence at trial in regard to the information afforded the officers prior to their arrest of Flonory, we find the trial court’s order granting a new trial cannot be sustained.
REVERSED AND REMANDED.
COWART and GOSHORN, JJ„ concur.