PER CURIAM.
The state appeals the trial court’s orders granting the motions to suppress evidence in connection with the prosecution of appellees Mohammed Aqqad and Ahmed Aqqad. We reverse.
The appellees were charged by information with grand larceny of telephone services in violation of sections 812.014 and 817.481(2), (3)(a), Florida Statutes (1991). The appel-lees, who are brothers, each filed a motion to suppress the evidence seized and statements made following their arrest. Mohammed alleged that the police did not have a founded suspicion to stop him. Ahmed’s motion alleged that his arrest was unlawful.
At the hearing on the appellees’ motion to suppress, Special Agent Gossett of the Florida Department of Law Enforcement testified that for over a year and a half he had been investigating a type of phone fraud referred to as “amigo” fraud. It involves the telephone conferencing of calls between two different countries in the Middle East from telephones in the United States. The scheme is designed to circumvent restrictions imposed by the Israeli government that prohibit telephone calls between Israel and certain Middle East countries. “Brokers” in Israel have a list of clients who desire to make prohibited telephone calls to other countries. The brokers pay persons in the United States, who are not affected by the Israeli restrictions, to set up conference calls with the broker’s clients and the people they wish to telephone. The persons in the United States who set up the conference calls run up excessive phone charges under false names and then vacate the premises without paying the bill.
Gossett had been alerted by phone company officials that $33,000 worth of phone calls had been made from two rooms of a motel in St. Petersburg. The phone charges had accrued within a few days. Some of the called telephone numbers were the numbers of known brokers in Israel and elsewhere in the Middle East. Officer Gossett knew from the telephone officials that the names given by the people who rented these rooms were fictitious.
Officer Gossett and other law enforcement personnel drove to this motel and checked with the owners of the motel who gave the officers a description of the two men who rented the motel rooms. While parking their cars at an adjacent motel the officers encountered a man who was later identified as Mohammed Aqqad as he was coming out of a room in this adjacent motel. Gossett testified that he recognized Mohammed from the description given by the owners of the targeted motel.
Gossett observed from the outside of the targeted motel rooms the indications of an amigo fraud scheme. The antenna of a cordless telephone in one of these rooms was pointed to the room in the adjacent motel from which Mohammed had been seen leaving. Gossett knew from his previous investigations that this technique was used in order to escape detection by phone officials and the police. The officers knocked on the doors of the two rooms in the targeted motel but there was no answer. At that point, Gossett *257 walked back to the adjacent motel to locate Mohammed.
Gossett approached Mohammed and asked for his driver’s license. After first refusing, Officer Gossett persisted and Mohammed eventually gave the license to the officer. Gossett retained the driver’s license in order to show it to the owners of the motel. The owners identified Mohammed as one of the men who rented the motel rooms where the phone bills had been run up. At that point, the officers stopped Mohammed who had been under surveillance. Mohammed gave his consent for the officers to search the room in the adjacent motel.
The officers searched this room in the adjacent motel. Ahmed, Mohammed’s brother, was found in this room. The officer also found incriminating physical evidence. The officers placed appellees under arrest.
In granting Mohammed’s motion to suppress the evidence, the trial court found that Officer Gossett did not have a well founded suspicion that criminal activity was afoot at the moment the officers first encountered Mohammed. The court found that at the time Officer Gossett compelled Mohammed’s driver’s license he did not have a well founded suspicion of criminal activity. In granting Ahmed’s motion, the court found that his arrest was based upon speculation that did not rise to the level of probable cause. The state filed a timely notice of appeal.
We recognize that a trial court’s ruling on a motion to suppress comes to this court with a presumption of correctness and that the evidence and the inferences capable of being drawn therefrom must be viewed in the light most favorable to the defendants. State v. Kibbee, 513 So.2d 256 (Fla. 2d DCA 1987). In this ease, however, we find that the trial court erred in granting the appel-lees’ motions to suppress.
In order to justify a temporary detention under section 901.151, the detaining officer must have a founded suspicion of criminal activity. At the time Officer Gossett approached and detained Mohammed, the officers had observed the manifestations of an amigo fraud scheme in the rooms of the targeted motel and the room of the adjacent motel. The indications of phone fraud were provided by the information received from the phone companies and from the officer’s observations based upon his experience. Also the officer recognized Mohammed from the description provided by the motel owners. At this point the officers had probable cause to arrest Mohammed. State v. Riehl, 504 So.2d 798 (Fla. 2d DCA), rev. denied, 513 So.2d 1063 (Fla.1987) (probable cause exists when an officer, conditioned by his observations and information and experience, could reasonably believe that a crime had been committed by the person).
Mohammed consented to the search of the room in the adjacent motel. In this room the officers found Ahmed and incriminating physical evidence of the phone fraud scheme. This provided the probable cause to arrest Ahmed.
The fact that the officers compelled Mohammed to produce his driver’s license did not justify the suppression of evidence in this case. A request that a detainee produce identification, even a persistent or intrusive request, is appropriate under a Terry stop. Harper v. State, 532 So.2d 1091 (Fla. 3d DCA 1988), rev. denied, 541 So.2d 1172 (Fla.1989). When Officer Gossett requested Mohammed’s license not only was there a founded suspicion to justify a Terry stop there was also probable cause. Riehl.
We, accordingly, find that the arrest of appellees was lawfully based upon probable cause. The trial court erred in suppressing the evidence and statements obtained pursuant to the arrest of the appellees.
Reversed and remanded.
FRANK, C.J., and SCHOONOVER and BLUE, JJ., concur.