689 So.2d 1224 (1997)
Eric J. KNOX, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1509.
District Court of Appeal of Florida, Fifth District.
March 14, 1997.
*1225 James B. Gibson, Public Defender, and Dan D. Hallenberg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
Eric J. Knox was arrested for and convicted of possession of a controlled substance. He appeals contending the trial court erred in failing to suppress the evidence. We affirm.
This case is somewhat complicated by the fact that the officers, in order to enhance their claim of "probable cause," improperly searched the defendant for weapons without just cause and during the search confirmed the presence of crack cocaine. But even though we find the search for weapons improper, we nevertheless, based on the totality of circumstances and the Tipsy Coachman Rule[1], affirm the trial court.
Officer Harrel of the DeLand Police Department testified that he had received training in identification of narcotics and had made several dozen narcotics arrests. On the day of the arrest in this case, Officer Harrel was assigned to the vicinity of the A & M Discount Beverage Store where there had been numerous complaints of narcotics dealing. Officer Harrel and another officer conducted surveillance from a vacant residence with an unobstructed view and for two hours observed Knox approach vehicles that would pull up, lean into the vehicle and pass something to the occupants of the vehicle. Then, as the vehicle would pull off, the officers would see Knox with cash in his hand. The officers had to observe that the items so exchanged for money were not kept in plain view by Knox and thus had to be concealed by him. Further, the items were too small to be seen from the officers' hiding place. Could not the officers legally conclude that the items exchanged were "probably" drugs? Officer Harrel testified that this conduct was consistent with his experience observing narcotics transactions elsewhere.
Because the officers did not actually see what was transferred to the occupants, they believed that they lacked probable cause to make an arrest, and so they went to the scene to ascertain the identity of Knox and to pat him down for weapons. Not only was the pat-down improper, but in our view it was unnecessary. We believe from the totality of the circumstances that the officers' observation of Knox's conduct during the two-hour surveillance established sufficient probable cause for an experienced narcotics officer to believe that Knox was engaged in criminal conduct that justified a search for illegal drugs.
It seems well settled that the officer's personal opinion as to whether probable cause exists is irrelevant. The Florida Supreme Court has held: "Although the defendant cites no authority for his position, he seems to assert that the State is bound by the legal conclusion as articulated by the ... [police] officer on cross-examination, and that we should infer from this testimony that the defendant was arrested on information that fell below the standard of probable cause." The court rejected this contention and found that probable cause existed and said, "Nor would the legal conclusion of the officer prevent the state from arguing and presenting evidence that probable cause did in fact exist." Routly v. State, 440 So.2d 1257, 1260-1261 (Fla.1983), cert. denied, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 888 (1984). See also Florida v. Royer, 460 U.S. 491, 507, 103 S.Ct. 1319,1329, 75 L.Ed.2d 229, 242 (1983) ("the fact that the officers did not believe there was probable cause and proceeded on a *1226 consensual or Terry-stop rationale would not foreclose the State from justifying [defendant's] custody by proving probable cause...").
There is also authority supporting the fact that the officers' observations under a totality of the circumstances standard was sufficient to give them probable cause in this case. Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995), held that probable cause existed when experienced police officers who were assigned to a certain house known for narcotics sales observed from hiding the defendant approach a car that pulled up, make a hand-to-hand exchange and receive currency. The officers observed a similar exchange between the defendant and a person riding a bicycle. Although in Revels the officers later stopped the bicyclist and found crack cocaine on him, we do not believe that the officers' failure to stop the vehicles in our case to confirm the fact the occupants had cocaine prevents a finding of probable cause.
We do not condone the fact that the police conducted an improper pat-down of Knox in this case. If probable cause depended on this improper action, we would have no hesitancy in suppressing the evidence. We do not believe, however, that the exclusionary rule should be extended to suppress evidence justified by information obtained by appropriate police conduct which independently establishes probable cause merely because the officers erred in a later phase of the investigation.
AFFIRMED.
THOMPSON, J., concurs.
DAUKSCH, J., concurs specially, with opinion.
DAUKSCH, Judge, concurring specially.
I concur with the majority ruling that probable cause existed to believe appellant was engaged in the sale of narcotics. This gave the policeman the authority to make a Terry stop. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The policeman said that in his experience drug dealers carry guns and that the clothing worn by appellant was such that a handgun could be concealed easily. For his own safety, and because he had probable cause to believe appellant may be armed, he was authorized to conduct the pat-down.
NOTES
[1] Carraway v. Armour and Company, 156 So.2d 494 (Fla.1963).