THOMPSON, Judge,
dissenting.
Although this is a close question, I would affirm the order granting the motion to suppress. I find the facts do not justify an investigatory stop or a probable cause arrest. I also disagree with the court that the officer had probable cause to arrest for a misdemeanor committed in his presence, possession of an alcoholic beverage by a minor.
Recently, this court held that based upon the totality of the circumstances, an experienced police officer with knowledge of street-level narcotic transactions had probable cause to make an arrest where the officer saw the exchange of money but did not see the exchange of drugs. In Knox v. State, 689 So.2d 1224 (Fla. 5th DCA 1997), in an area known for narcotics dealing, police observed for two hours as Knox approached vehicles and passed something to the occupants of the vehicles. They also observed Knox with cash in his hand. The arresting officer detailed his experience, his knowledge of the area, the number of recent arrests in the immediate vicinity where Knox was arrested, and his opinion that Knox’s behavior was consistent with selling narcotics. Applying the six elements listed in Revels v. State, 666 So.2d 213, 216-17 (Fla. 2d DCA 1995), this court held that there was probable cause for an arrest. Knox, 689 So.2d at 1224-26.
But applying the elements of Knox and Revels to the facts of this case, I find the officer lacked probable cause to believe K.S. had committed a crime. Since there was no *107 probable cause, there was no basis for an arrest. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1969); Popple v. State, 626 So.2d 185 (Fla.1993). The officer in this case knew the area was known for narcotics transactions because he had worked there for three years, but he did not know K.S. and had no information that K.S. ever engaged in the sale of illegal drugs. The officer testified that initially, the only reason he would have had for approaching K.S. was to investigate a possible open container violation. At that point, he did not know K.S.’s age nor did he know if the container contained alcohol. Later, when he saw K.S. approach the car and exchange something for beer, the officer suspected that K.S. might be involved in the sale of narcotics. The officer followed K.S. into a convenience store, and, in the officer’s words, “I walked up to [the] Jackson Street immediately [afterward] and immediately apprehended [K.S.],” who dropped drugs on the officer’s foot.
There are several salient Revels elements to which the officer never testified during the hearing: actual proof of ongoing or recent narcotic activity at the specific location; additional information about suspected drug transactions that evening prior to the arrest of K.S.; or testimony that K.S. was involved with drugs prior to his arrest. Revels, 666 So.2d at 216. Absent these additional elements, the testimony was insufficient to establish probable cause for an arrest.
There was also no basis for an investigatory stop. The fact that K.S. leaned into a car and exchanged something for beer is not enough to establish the basis for an investigatory stop. State v. Paul, 638 So.2d 537 (Fla. 5th DCA 1994), rev. denied, 654 So.2d 131 (Fla.1995) is on point. There, this court held that no reasonable suspicion existed where an officer saw several males around a vehicle but saw no exchange of cash or packaging consistent with a narcotics transaction. Id. at 538. Here, the officer saw one contact by K.S. with a vehicle and no exchange for cash. The officer saw no drug exchange hands, and, even if we consider beer a medium of exchange, these observations are insufficient to constitute a reasonable suspicion for a stop. Paul. At the time the officer seized K.S., he had only a hunch or bare suspicion that a law was being violated, and there was thus an insufficient basis for an investigatory stop. Burnette v. State, 658 So.2d 1170 (Fla. 2d DCA 1995). Since the seizure was illegal, all of the evidence seized was properly suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Furthermore, even if it could be argued there was a basis for a Terry[1] stop, under these circumstances the officer could not physically seize K.S.; rather, the officer could only detain K.S. to see if he had committed, was committing or was about to commit a crime. Terry.
Finally, the majority holds that K.S.’ arrest was justified because he was under age 21 and in possession of the beer. See § 562.111, Fla. Stat. (1995). I disagree. The officer testified that he did not determine K.S.’s age until after he had been arrested. Ignorant of KS.’s age, the officer did not have probable cause to arrest K.S. for a violation of section 562.111.
The trial judge’s ruling comes to us clothed with the presumption of correctness. Smith v. State, 378 So.2d 281 (Fla.1979); State v. Hardy, 610 So.2d 38 (Fla. 5th DCA 1992), rev. denied, 621 So.2d 433 (Fla.1993). I would affirm because the police had no probable cause for arrest and no basis for an investigatory stop. Accordingly, I respectfully dissent.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); § 901.151, Fla. Stat. (1995) (Florida's Stop and Frisk Law).