W. SHARP, J.,
dissenting.
I respectfully dissent because the record is insufficient to conclude the trial court erred in this case by granting the defendant’s motion to suppress.
There were two possible reasons for granting the motion. First, the trial court could have concluded that the odor of contraband exuding from a vehicle does not give a police officer probable cause to search it. That is wrong. State v. Wynn, 623 So.2d 848 (Fla. 2d DCA 1993); State v. T.T., 594 So.2d 839, 840 (Fla. 5th DCA 1992); State v. Bowden, 538 So.2d 83 (Fla. 2d DCA 1989).
Second, the trial judge could have found, as a matter of fact, that the police officer did not smell the contraband until the search had commenced, despite his testimony to the contrary. A trial court does not have to accept the testimony of any witness as truthful, even if unrebutted.[1] Since no finding was made by the trial court on this point, I believe a proper course of action would be to remand this case to the trial court for findings on this issue. See McNamara v. State, 357 So.2d 410 (Fla.1978); Woodbury v. State; 730 So.2d 354 (Fla. 5th DCA 1999).
A trial court’s rulings come to this court with the presumption of correctness and should be affirmed if there is a valid reason to do so. Carraway v. Armour, 156 So.2d 494 (Fla.1963); Knox v. State, 689 So.2d 1224 (Fla. 5th DCA 1997). We should certainly not presume incorrectness as it appears to me we have done in this case.

. Dept. of Highway Safety v. Dean, 662 So.2d 371 (Fla. 5th DCA 1995).