NORTHCUTT, Judge.
Deatrick Rock pleaded no contest to drug possession charges while reserving the right to appeal the denial of his dispos-itive motion to suppress evidence seized from him at the time of his arrest. He argues that law enforcement lacked probable cause to arrest him and therefore the search was not incident to a lawful arrest. We agree and reverse.
Detectives Morie and Garst testified at the suppression hearing regarding an undercover drug buy they set up with a reliable confidential informant (Cl). The Cl told the detectives that he could purchase rock cocaine from someone named “Beaver.” In the detectives’ presence the Cl called and spoke to Beaver, who gave him another number to call. The Cl called that number and arranged for a delivery of rock cocaine to his motel room. The detectives wired the Cl with a listening device and waited outside the motel, monitoring the transmission for the Cl’s prearranged signal that the drugs had arrived. Detective Morie testified that, upon hearing the signal, his plan was to “go in and handcuff everybody ...[,] detain for safety reasons,” and then he would do “further investigation and ... determine who [he’s] going to charge.” The detectives did not, however, adhere to this plan.
The detectives saw three men arrive at the motel, and they heard a knock on the Cl’s door. Within about two minutes, the detectives heard the Cl give the signal indicating that the drugs were present. Using their own room key, the detectives entered the motel room in approximately one minute. When they entered, the Cl and two of the men were in the room. There were drugs on top of the television and on one of the beds, and Rock was coming out of the bathroom.
While the other detectives secured the Cl and two of the men, Detective Garst ordered Rock to get on the ground. When Rock failed to immediately comply, the detective pushed him to the ground and handcuffed him. The detective then stood Rock up and searched him by reaching into his pockets. He found and seized a pill bottle containing rock cocaine and a bag containing marijuana.
After everyone in the room was secured, and after Rock was searched, the men were separated and interviewed. In this debriefing, the Cl told the detectives that Rock had gone into the bathroom while he was dealing with the other two men. The officers also learned, postarrest, that the phone number the Cl had obtained from *692 Beaver was to Rock’s cell phone. When the Cl had called the number, Rock had simply answered the phone and handed it to an unidentified person.
At the suppression hearing Detective Garst acknowledged that his search of Rock’s person was not a patdown for weapons. The circuit court determined that Rock was arrested at that point, and the State does not challenge this finding. The State argued, and the circuit court found, that the detectives had probable cause to arrest Rock and the search was therefore lawful because it was incident to arrest. Arguing that he was in the bathroom and thus unaware of and uninvolved in the transaction, Rock argued that the police lacked probable cause to arrest him.
In Dunn v. State, 382 So.2d 727 (Fla. 2d DCA 1980), this court noted that there was no probable cause to arrest someone who was in the room when his companion sold drugs to an undercover officer but who did not participate in the transaction. More recently, in Perry v. State, 30 Fla. L. Weekly D1851, — So.2d -, 2005 WL 1812837 (Fla. 2d DCA Aug. 3, 2005), this court concluded that the police lacked probable cause to arrest a passenger in a car driven by a known drug dealer who was on his way to deliver drugs. This result was based on “United States Supreme Court precedent requiring some type of individualized suspicion to support probable cause to arrest one person found in a group of people, one or more of whom are suspected of some criminal wrongdoing.” Id. at D1852, — So.2d at --. As this court explained:
Certainly the officers may have had a reasonable suspicion that Mr. Perry’s presence in the car was not accidental but perhaps a form of protection for [the drug dealer] against arrest or violence. The police were certainly free to question Mr. Perry about these circumstances and to obtain his identification and continue their investigation to develop probable cause. They may have been justified in performing a patdown to make certain that Mr. Perry was not armed. However, that did not occur in this case and nothing in the record convinces us that the drugs would have been located in a patdown for weapons.
Id. at D1853, — So.2d at -.
This analysis applies to the case at bar. Certainly the detectives had grounds to detain Rock and question him. Indeed, that was their plan. And they may have been justified in performing a weapons patdown. But instead of investigating and developing probable cause, they proceeded directly to an arrest and search. The circuit court relied, in part, on the fact that Rock’s cell phone was used to arrange the deal, but this fact was not known until after the arrest and search. An officer must possess information constituting probable cause to justify an arrest prior to the arrest. D’Agostino v. State, 310 So.2d 12, 15 (Fla.1975). Furthermore, there was no evidence, from the officers or the other participants in the transaction, to show that Rock was in the room when the drugs were produced.
The cases relied on by the State, Lima v. State, 458 So.2d 422 (Fla. 2d DCA 1984), and State v. Sampson, 616 So.2d 93 (Fla. 5th DCA 1993), are distinguishable. In Lima, the defendant was identified as the drug supplier and this occurred after he was detained, not arrested. 458 So.2d at 422. In Sampson, “the combination of the information provided by the [known and reliable] Cl that Sampson had cocaine to sell and the independent observations of the police that the drug transaction had occurred as arranged by the Cl, was sufficient to establish probable cause” for Sampson’s arrest. 616 So.2d at 96.
*693 In this case, Rock’s arrest was not justified by probable cause, and the State proved no other justification for the search. Therefore, the circuit court erred by denying Rock’s motion to suppress. For this reason, we reverse his conviction and remand with instructions to discharge him.
Reversed and remanded.
STRINGER and SILBERMAN, JJ., Concur.